appeal of the defendant Parker in the present appeal record is granted, without costs, on condition that said defendant, appellant, stipulate to limit his appeal to such questions as may arise upon the judgment roll only; otherwise, motion denied, with ten dollars costs.    Present — Jenks, P. J., Hirschberg, Burr, Thomas and Stapleton, JJ.

T. H. Walter Duff, Appellant, v. Queensbro Heights Land Corporation, Respondent.— Order modified by striking therefrom the provision for judgment in favor of defendant (See *Ventriniglia* v. *Eichner*, 138 App. Div. 274), and as modified affirmed, without costs.    No opinion.    Jenks, P. J., Burr, Thomas, Carr and Rich, JJ., concurred.

Agnes Flaherty, Appellant, v. The Onward Construction Company, Respondent.— Order unanimously affirmed on argument, with costs.    No opinion.    Present — Jenks, P. J., Hirschberg, Burr, Rich and Stapleton, JJ.

Jeanette S. Brownrigg, Appellant, v. Leo W. Brownrigg, Respondent.— Order affirmed, without costs.    No opinion.    Jenks, P. J., Burr, Thomas, Carr and Rich, JJ., concurred.

Casta Gainsborg, Respondent, v. Charles Deutermann and New York Inter-Urban Water Company, Appellants.— Order in so far as appealed from affirmed, with ten dollars costs and disbursements.    No opinion. Jenks, P. J., Burr, Thomas, Carr and Rich, JJ., concurred.

In the Matter of Laying Out and Opening of Bright Place, from School Street to South Broadway, in the City of Yonkers.    Jules Breuchaud, Appellant; The City of Yonkers, Respondent.— It is quite apparent from the evidence in this case that the commissioners have limited the amount of the award to the value of the land actually to be acquired, and have not considered the consequential damages to the residue of the plot, from which the land needed for the improvement is taken.    The adoption of this erroneous theory requires that the order appealed from should be reversed.    Order reversed, with ten dollars costs and disbursements, and proceedings remitted to the Special Term for the appointment of new commissioners.    Jenks, P. J., Burr, Carr, Rich and Stapleton, JJ., concurred.

In the Matter of Supplementary Proceedings.    Jacob Hurwitz, Respondent, v. Hyman Bernstein, Appellant.— The title to the property being in dispute, its ownership can only be ascertained in a proceeding instituted by the receiver.    The debtor cannot be punished for a criminal contempt upon a motion, even though the affidavits presented to the judge tend to establish that the evidence given by him relating to such ownership is untrue.    The order must, therefore, be reversed.    Order of the County Court of Kings county reversed, with ten dollars costs and disbursements, and motion denied, without costs.    Jenks, P. J., Thomas, Carr, Rich and Stapleton, JJ., concurred.

Morris Jacobs, Appellant, v. Katherina F. Mitchell, Respondent.— Judgment and order unanimously affirmed, with costs.    No opinion. Present — Jenks, P. J., Hirschberg, Burr and Rich, JJ.

Annie D. Kennedy, as Administratrix, etc., of James B. Kennedy, Deceased, Respondent, v. Horace I. Moyer and Philip A. Faribault,

Copartners, etc., Appellants. (Appeal No. 1.) — Order affirmed, with ten dollars costs and disbursements. No opinion. Jenks, P. J., Burr, Thomas and Rich, JJ., concurred; Carr, J., not voting.

Annie D. Kennedy, as Administratrix, etc.; of James B. Kennedy, Deceased, Respondent, v. Horace I. Moyer and Philip A. Faribault, Copartners, etc., Appellants. (Appeal No. 2.) — Order affirmed, with ten dollars costs and disbursements. No opinion. Jenks, P. J., Burr, Thomas and Rich, JJ., concurred; Carr, J., not voting.

Antonio Laezza, as Administrator, etc., of Joseph Laezza, Deceased, Appellant, v. National Licorice Company, Respondent.— Judgment unanimously affirmed, with costs. No opinion. Present — Jenks, P. J., Burr, Thomas, Carr and Rich, JJ.

Joseph Liccione, Respondent, v. Lorenzo Ullo and Others, Appellants. — Judgment and order affirmed, with costs. No opinion. Jenks, P. J., Burr, Thomas, Carr and Rich, JJ., concurred.

Nora McGrath, Appellant, v. Ella Byrnes, Respondent.— Order of the County Court of Kings county modified by providing that the judgment stand as security and as modified affirmed, without costs. No opinion. Jenks, P. J., Burr, Thomas, Carr and Rich, JJ., concurred.

Catherine J. Meanley, as Administratrix, etc., of Samuel Meanley, Deceased, Respondent, v. The Long Island Railroad Company, Appellant. — Order setting aside verdict and granting new trial unanimously affirmed, with costs. No opinion. Present — Jenks, P. J., Burr, Thomas, Carr and Rich, JJ.

Fannie Mendelson, Appellant, v. Ella R. Gausman, Respondent.— Judgment affirmed by default, with costs. Jenks, P. J., Hirschberg, Burr, Thomas and Stapleton, JJ., concurred.

Thomas Muller, Respondent, v. Pope-Hartford Auto Company, Appellant.— Judgment and order unanimously affirmed, with costs. No opinion. Present — Jenks, P. J., Hirschberg, Burr, Carr and Rich, JJ.

Thomas Muller, Respondent, v. Pope-Hartford Auto Company, Appellant.— Order denying motion for new trial unanimously affirmed, with costs. No opinion. Present — Jenks, P. J., Hirschberg, Burr, Carr and Rich, JJ.

Parshelsky Brothers, Inc., Respondent, v. Edward Butcher, as Trustee, etc., and Others, Defendants. Alexander M. Zack, Appellant.— Order in so far as appealed from affirmed, with ten dollars costs and disbursements. No opinion. Jenks, P. J., Burr, Thomas, Carr and Rich, JJ., concurred.

Wilhelmina Schmeiser, Respondent, v. Charles Schmeiser, Appellant, and Others, Defendants.— Judgment affirmed, with costs. No opinion. Jenks, P. J., Burr, Thomas, Rich and Stapleton, JJ., concurred.

Morris Solomon, Respondent, v. Rebecca Solomon, Appellant.— Order modified by permitting plaintiff to serve a supplemental complaint, and as modified affirmed, without costs. No opinion. Jenks, P. J., Burr, Carr, Rich and Stapleton, JJ., concurred.

Mary Terrence, Respondent, v. Jacob Autenrieth, Jr., Appellant.— Judgment and order reversed on argument, and new trial granted, costs to abide the event, on the ground that the defendant was not afforded a